Sims v. State.

CHARLES SIMS and A. J. FOSTER v. THE STATE.

CRIMINAL LAW. *Death of Judge pending motion for new trial.* Where, after the trial and conviction of the defendant in a criminal case, and the entry of motions in arrest of judgment and for a new trial, the Judge died suddenly within a few days, and the business of the Court was brought to a close for the term by an epidemic, the motion may be heard and determined at the next term, and a statement of the evidence in the form of a bill of exceptions, agreed upon as correct by the State's Attorney and the defendant's counsel, may be looked to by the Court below, and upon appeal by this Court, in acting upon the motions.

FROM SHELBY.

Appeal in error from the Criminal Court of Shelby County. L. B. HORRIGAN, J.

---

Sims *v.* State.

---

G. W. GORDON for Sims and Foster.

Attorney-General LEA for the State.

COOPER, J. delivered the opinion of the Court.

The plaintiffs were indicted, tried and convicted for threatening, by letters through the mail, injury to the property of the person addressed, with intent thereby to extort money, under the Code, sec. 4633. The trial was had, and the verdict rendered on the 9th of July, 1879, the jury assessing the punishment at two years in the penitentiary. Thereupon the defendants moved the Court in arrest of judgment and for a new trial.

In a day or two after the trial the yellow fever broke out in the city of Memphis, where the trial was had, in an epidemic form, and the Judge who tried the case was one of the earliest victims, dying on the 13th of the same month, before the adjournment of the term. The fever continued to prevail as an epidemic until late in the fall, and no business was transacted in the Court after the death of the Judge, nor was a successor appointed until after the commencement of another term.

On the 10th of December, 1879, during this term, the motions of the plaintiffs in error for a new trial and in arrest of judgment were heard, and overruled, and judgment rendered on the verdict.

The defendants tendered a bill of exceptions of what took place on the trial of the 9th of July,

1879, which was admitted by the District Attorney-General and the counsel of the prisoners to be correct, but the presiding Judge refused to sign, seal and make it a part of the record because he had no knowledge of the facts. He did, however, sign a bill of exceptions, or statement, in the record before us, showing that the bill of exceptions of the trial had been submitted to him as part of the proceedings on the motion for a new trial; that the counsel of the State and defendants admitted that the evidence on the trial was therein correctly reported, and containing the other grounds upon which the application for the new trial was rested.

The prisoners appealed in error.

In a criminal case, the defendant is entitled to his bill of exceptions of any matter of law or fact, to be taken and signed as in civil cases: Code, sec. 5247. The strict rule in civil cases is that the exception must be taken at the trial and noted by the Court, and the bill of exceptions made and signed as soon thereafter as possible, the delay being at the peril of the exceptant: Code, sec. 2968; *Ferrell* v. *Alder*, 2 Swan, 77. And the settled rule in this State is that the bill of exceptions must be reduced to writing and signed during the term. If not signed it cannot be treated as a part of the record: *Garrett* v. *Rodgers*, 1 Heis., 321. Nor can it be signed afterwards, although the signature was omitted by inadvertence on the part of the Judge: *Jones* v. *Burch*, 3 Lea, 748.

The presumption, both in civil and criminal cases, is in favor of the regularity and correctness of the proceedings of the Court, and the party who asks a review must be diligent in taking all the necessary steps to secure the revision. The opposite party, even though it be the State, is not to be prejudiced by the fact that these steps have not been taken either from negligence or accident.

Pestilence, like war, disrupts society, and silences the law. It may excuse delay where there has been reasonable diligence, and demands the most careful application of rules adapted to a normal state of affairs, especially in criminal cases which involve the life or liberty of the citizen.

Fortunately, the present case comes before us in a shape which allows the attainment of the ends of justice without serious detriment to established forms. The motions in arrest of judgment and for a new trial having been made at once upon the rendition of the verdict of' the jury, remained to be disposed of as soon as the business of the Court was resumed. By statute, none of the proceedings pending in the Circuit Courts of this State are discontinued by the non-attendance of the Judge at any term, or his death at any time, but, in such cases, all matters depending shall stand continued to the next succeeding term: Code, sec. 4223: *Johnston* v. *Ditty*, 7 Yer., 85. These motions were, therefore, properly taken up and disposed of by the Court at the next term, the statute equally applying to a Court clothed with a

part of the jurisdiction of the Circuit Court. The Judge was, perhaps, not authorized to sign the bill of exceptions at that term, both for the reason given by him and because the trial term had expired. But the facts being agreed to by the State's Attorney, he could clearly look to the evidence embodied in the bill of exceptions, precisely as he might have looked to the same facts presented by affidavit, to see whether there was such error as to require a new trial to correct. Any person who heard the witnesses give their testimony might state the evidence under oath for the purpose. The District Attorney very properly, under the circumstances joined in agreeing to a statement of the facts. Of course, in the absence of such an exigency as occurred in this case, any other presentation of the facts than by a regular bill of exceptions, made and signed during the trial term, would be inadmissable, for the obvious reason that the failure to present them in the proper form would be inexcusable negligence.

Under the circumstances of this case, and in view of the ordinary practice of our Courts, the failure to obtain the Judge's signature was excusable. And, although it does not distinctly appear that the bill of exceptions was made out during the trial term, the failure to do so would also be excusable. The Judge below might well have looked at the facts thus presented to him in ruling upon the motion for the new trial, and this Court may now look to them.

Upon examination of the facts, we find that the two defendants, now plaintiffs in error, were seen often together, and at the post-office about the time one of them hired the post-office box to which the letter, enclosing the money demanded, was directed to be sent.

The threatening letters were given in evidence, and do unmistakably demand money from the person to whom they were addressed, under the threat of injury to that person's property in the event of refusal. Both of the defendants are fully identified. The letters required the money asked for to be enclosed in an envelope and directed to the particular post-office box hired. One of the defendants, after he was arrested, said that a third colleague had written them, and this person, when arrested, confessed that he had written them. The other defendant said, when taken, "we had as well own up."

The verdict is well sustained by the evidence, and we see no ground for the recommendation of the jury of the defendants to the mercy of the Court and the Governor. The offense is one that well deserves punishment, especially where, as in this case, the person threatened was a woman.

There is no error in the record, and the judgment must be affirmed.